**In re George Edward CASSIDY, M.D., Debtor.**

**No. 9:05BK27075 ALP.**

United States Bankruptcy Court, M.D. Florida, Ft. Myers Division.

Aug. 18, 2006.

Harley E. Riedel, Stichter, Riedel, Blain and Prosser, Tampa, FL, for Debtor.

***ORDER ON RENEWED MOTION OF ADVANCED IMAGING CENTER OF NORTHERN ILLINOIS LIMITED PARTNERSHIP AND DR. GEROLIMATOS FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND REQUEST FOR EXPEDITED HEARING THEREON* (Doc. No. 89)**

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER under consideration in this yet-to-be-confirmed Chapter 11 case is a Renewed Motion for Relief from the Automatic Stay filed by Advanced Imaging Center of Northern Illinois, LP (AIC) and Dr. Spiro Gerolimatos (Dr. Gerolimatos) on June 8, 2006. AIC and Dr. Gerolimatos seek relief from the automatic stay in order to foreclose on liens they hold on stock registered in the Debtor's name. It is the contention of AIC and Dr. Gerolimatos that the debtor has no equity in the stock in Diagnostic Imaging Services, Inc. (DIS) and, based on the Debtor's own admission that the stock is worthless, the stock is not necessary to an effective reorganization in this Chapter 11 case. Consequently, AIC and Dr. Gerolimatos claim entitlement to relief from the automatic stay under Section 362(d)(2) of the Code.

In due course, the Debtor filed his response to the Motion. The Debtor con-

tends that the stock is necessary for an effective reorganization because if the Movants gain control of the stock they will terminate his employment. The Debtor asserts that the income from his employment with DIS is needed to help fund his reorganization and, based on the same, the Court should not grant the Movants Motion for Relief from the Automatic Stay.

The Motion was scheduled for hearing in due course and after extensive argument in support of and in opposition of the parties, this Court is satisfied that the following facts are relevant to the matter.

On July 21, 2005, the Circuit Court of McHenry County, (McHenry County Court), pursuant to a Judgment obtained against the Debtor, declared that AIC and Dr. Gerolimatos had a superior interest in the 1,000 shares of DIS stock and possess the only lien on the stock. On August 31, 2005, the McHenry County Court entered an Order authorizing a Sheriff's sale of the DIS Stock Certificate. Prior to the commencement of the Debtor's bankruptcy case on October 14, 2005, the sale had not yet occurred. Consequently, the automatic stay effectively halted the sale process and the DIS Stock Certificate remains in the vault in the accounting office of the McHenry County Clerk of Court.

DIS is currently involved in a pending Chapter 11 case in the Northern District of Illinois, Eastern Division, Case No. 05–55604. On May 26, 2006, AIC and Dr. Gerolimatos filed a Motion for Appointment of Chapter 11 Trustee and Request for Expedited Hearing Thereon (Doc. No. 86) (Motion for Appointment). Attached to their Motion for Appointment as Exhibit I was a copy of the Disclosure Statement filed by Diagnostic Imaging Services, Inc. d/b/a High Tech Medical Imaging in the pending Chapter 11 case filed by DIS in Illinois.

Subsection (e) of the Disclosure Statement sets forth the provisions of the Plan of Reorganization concerning the treatment of Class 5. Class 5 of the Disclosure Statement consists only of the interest of the Debtor. According to this subsection, the Debtor shall not receive any distribution or retain any property under the Plan and, therefore, on the effective date of the Plan all such interest shall be deemed cancelled or extinguished. In light of the fact that the interest referred to in subsection (e) of the Plan is to be extinguished, the DIS Stock represents no cognizable value to the estate of the Debtor.

Based on the foregoing, this Court is satisfied that the Debtor has no equity in fact in the DIS Stock. This Court is further satisfied that there is no interest in the DIS Stock that this Debtor can use, lease, or sell and, consequently, such property is not necessary to an effective reorganization in this Chapter 11 case.

Therefore, this Court is satisfied that, pursuant to Section 362(d)(2) of the Code, it is appropriate to grant the Motion For Relief From The Automatic Stay.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Renewed Motion of Advanced Imaging Center of Northern Illinois Limited Partnership and Dr. Gerolimatos for an Order Granting Relief from the Automatic Stay and Request for Expedited Hearing Thereon (Doc. No. 89) be, and the same is hereby granted.